UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiffs,

v.

BONNIE L. PLESCO,

        Defendant,

and

GREAT LAKES MEMBERS CREDIT UNION,

        Garnishee.
_____/

CASE NO. 97-74042

HON. MARIANNE O. BATTANI

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND SETTING ASIDE DEFAULT JUDGMENT**

      Plaintiff filed its Complaint, alleging that Defendant Bonnie Plesco Andrew defaulted on a student loan and was in debt to the United States Department of Education. Defendant never answered, and on March 9, 1998, the Clerk of the Court entered a default judgment pursuant to Fed. R. Civ. P. 55(b)(1) in the amount of $6,220.35. In January 2012, the Government requested the Court issue a continuing writ of garnishment as to Defendant and Garnishee Great Lakes Members Credit Union. Defendant objected because she never was served and because the funds were social security disability proceeds. The Court referred this matter to Magistrate Judge Laurie J. Michelson.

      In a Report and Recommendation ("R&R") dated May 4, 2012, Magistrate Judge Michelson recommended that the default judgment be vacated under Rule 60(b)(4). The Court has reviewed the pleadings, including Defendant's objection, and has conducted a

*de novo* review of the R&R.  The Court finds the R&R accurately articulates the law and presents a well-reasoned, persuasive analysis of the application of governing law to the facts of this case.  The Magistrate Judge informed the parties that objections to the R&R must be filed within fourteen days of service and that a party's failure to file objections would waive any further right of appeal.  See R&R at 12.

Plesco timely filed an objection, in which she requests that the case be dismissed with prejudice because "[t]here is no excuse for waiting" so long to file a case.  (Doc. No. 31 at 1).  She also requests that the Court impose sanctions against Plaintiff.  The Court declines both requests.

The Higher Educational Technical Amendments of 1991 eliminated the statute of limitations for student loan collections.  20 U.S.C. § 1091(a).  Section 1091(a) explicitly states that:

> no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset garnishment, or other action initiated or taken by . . .a guaranty agency that has an agreement with the Secretary [of Education]. . .that is seeking repayment of the amount due from a borrower.

Further, the statute is applied retroactively.  United States v. Brown, 7 Fed. Appx. 353 (6th Cir. 2001).  Accord United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001).  The statute is designed "to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced."  Lovitt v. Texas Guaranteed Student Loan Corp., No. 3-05-CV-0175, 2005 WL 1552831 at *2 (N.D. Tex. June 27, 2005).

2

In sum, there is no basis for finding that Plaintiff filed its action too late. Nevertheless, the Court finds that the Government has not satisfied its burden to show that service was proper under Fed. R. Civ. P. 4(e); consequently, the default judgment must be vacated.

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **VACATES** the default judgment.

**IT IS SO ORDERED.**

                                  s/Marianne O. Battani
                                  MARIANNE O. BATTANI
                                  UNITED STATES DISTRICT JUDGE

Date:  May 22, 2012

### CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record and Defendant on this date.

                                  s/Bernadette M. Thebolt
                                  Case Manager